JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
CHRISTOPHER S. ATWOOD, IDAHO STATE BAR NO. 7013
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

**U.S. COURTS**

**SEP 1 4 2023**

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBIN DWAIN DUNN,<br><br>Defendant. | Case No. 4:23cr249 BLW<br><br>**INDICTMENT**<br><br>18 U.S.C. § 2<br>21 U.S.C. § 841(a)(1), (b)(1)(C)<br>21 U.S.C. § 846<br>21 U.S.C. § 853 |

The Grand Jury charges:

<u>**COUNT ONE**</u>

**Conspiracy to Distribute Fentanyl and Methamphetamine**
**21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846**

Beginning on or about June 2022, and continuing to on or about February 19, 2023,

within the District of Idaho and elsewhere, the defendant, ROBIN DWAIN DUNN, did

knowingly and intentionally conspire, confederate, and agree with persons both known and

unknown to the Grand Jury to distribute fentanyl and methamphetamine, both Schedule II

controlled substances, all in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846.

**INDICTMENT - 1**

## COUNT TWO

**Possession with Intent to Distribute Fentanyl and Methamphetamine
21 U.S.C. § 841(a)(1) and (b)(1)(C); 18 U.S.C. § 2**

On or about October 18, 2022, in the District of Idaho, the defendant, ROBIN DWAIN

DUNN, did knowingly and intentionally possess with the intent to distribute fentanyl and

methamphetamine, both Schedule II controlled substances, and aided and abetted the same, in

violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), and Title 18, United

States Code, Section 2.

## COUNT THREE

**Possession with Intent to Distribute Fentanyl and Methamphetamine
21 U.S.C. § 841(a)(1) and (b)(1)(C); 18 U.S.C. § 2**

On or about November 2, 2022, in the District of Idaho, the defendant, ROBIN DWAIN

DUNN, did knowingly and intentionally possess with the intent to distribute fentanyl and

methamphetamine, both Schedule II controlled substances, and aided and abetted the same, in

violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), and Title 18, United

States Code, Section 2.

## COUNT FOUR

**Distribution of Fentanyl
21 U.S.C. § 841(a)(1) and (b)(1)(C); 18 U.S.C. § 2**

Between on or about November 4, 2022 to November 25, 2022, in the District of Idaho,

the defendant, ROBIN DWAIN DUNN, did knowingly and intentionally distribute fentanyl, a

Schedule II controlled substance, and aided and abetted the same, in violation of Title 21, United

States Code, Section 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

//

//

**INDICTMENT - 2**

## CRIMINAL FORFEITURE ALLEGATION

### Drug Forfeiture
### 21 U.S.C. § 853

Upon conviction of the offenses alleged in Counts One through Four of this Indictment, the defendant, ROBIN DWAIN DUNN, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the said defendants obtained directly or indirectly as a result of the foregoing offense; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offense. The property to be forfeited includes, but is not limited to, the following:

A. **Unrecovered Cash Proceeds and/or Facilitating Property**. All unrecovered proceeds of the charged offense obtained by the defendants, or property derived from or traceable to such proceeds, and property the defendants used to facilitate the offense (if facilitation is alleged), but based upon actions of the defendants, the property was transferred, diminished, comingled, or is otherwise unavailable.

B. **Substitute Assets**. Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

1. Cannot be located upon the exercise of due diligence;

2. Has been transferred or sold to, or deposited with, a third person;

3. Has been placed beyond the jurisdiction of the court;

4. Has been substantially diminished in value; or

**INDICTMENT - 3**

5.      Has been commingled with other property which cannot be subdivided

without difficulty.

Dated this 13th day of September, 2023.

A TRUE BILL
*/s/ [signature on reverse]*


_____
FOREPERSON

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

_____
FRANCIS J. ZEBARI
CHRISTOPHER S. ATWOOD
Assistant United States Attorneys

**INDICTMENT - 4**