JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
CHRISTOPHER S. ATWOOD, IDAHO STATE BAR NO. 7013
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBIN DWAIN DUNN,<br><br>Defendant. | Case No. 4:23-cr-249-BLW<br><br>**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**<br><br>*Filed Partially Under Seal* |

The United States, by and through undersigned counsel, respectfully submits this Memorandum in Support of its Motion for Pretrial Detention pursuant to The Bail Reform Act, Title 18, United States Code, Section 3142.  As explained herein, the Government seeks the continued pretrial detention of Defendant Robin Dwain DUNN ("DUNN") both as a risk of non-appearance and as a danger to the safety of others and the community.

I.     PROCEDURAL BACKGROUND

On September 13, 2023, a Boise grand jury returned an indictment charging DUNN with Conspiracy to Distribute Fentanyl and Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1),

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 1**

(b)(1)(C), and 846, Possession with Intent to Distribute Fentanyl and Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and Distribution of Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Docket No. 1.) DUNN appeared for his arraignment on September 18, 2023. The Government moved for detention. (Docket No. 7.) Based on the evidence adduced from its investigation to date, the Government proffers the following in support of its motion for pretrial detention.

## II.     FACTUAL BACKGROUND

Robin DUNN is an attorney in Eastern Idaho that represents individuals in state and federal cases. He previously served as the elected prosecutor in Jefferson County for approximately 35 years. In the summer of 2022, investigators with the Drug Enforcement Administration (DEA) received information from numerous sources that there was an attorney bringing drugs into the Jefferson County Jail. The investigation revealed the attorney was DUNN. The DEA developed multiple sources in Eastern Idaho jails that received drugs from DUNN, either directly or indirectly, or knew of DUNN's drug trafficking from conversations with co-conspirators. One of those sources indicated that an inmate overdosed after receiving drugs that originated from DUNN.

On February 18, 2023, local police arrested DUNN for possession of approximately 56 fentanyl pills in Idaho Falls while he was with a client, Co-Conspirator 1 (CC1). Law enforcement searched two cell phones belonging to CC1. The phones contained numerous messages between DUNN and CC1.[1] The messages revealed DUNN and CC1 were romantically

---

[1] The two numbers in CC1's phone identified as DUNN are ▬▬▬ 8006 and ▬▬▬ 3915. Bonneville County Jail Records list both as cellphones belonging to DUNN. Subpoena responses from Verizon Wireless show 8006 and 3915 are subscribed to DUNN. 8006 was activated on November 4, 2022. 3915 was activated on May 14, 2010. Finally, the text messages themselves indicate the sender of the messages is DUNN.

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 2**

involved and trafficking drugs together. For example, in late September 2022, the following exchange occurred between DUNN and CC1 where the two discussed the price for pills and the profit they could make.[2]

| Sender | Receiver | Message Date/Time | Message |
|---|---|---|---|
| CC1 | Dunn | 9/29/2022 11:22:42 PM | Well it's going to go get something on Sunday in salt lake and then I'm going to keep them out at my parents and piece it out to only one dude that I know would never fuck me over and the profit we would make would be 30k |
| Dunn | CC1 | 9/29/2022 11:47:35 PM | Sounds good. Let me know my role |
| CC1 | Dunn | 9/29/2022 11:51:07 PM | Just need the funds Huns. |
| CC1 | Dunn | 9/29/2022 11:51:32 PM | 12 flat for 5 so that's 1.50 a piece |
| CC1 | Dunn | 9/29/2022 11:51:43 PM | Baller status hahaha |
| Dunn | CC1 | 9/30/2022 12:08:19 AM | Hmm. You got that hook up. It's 50 in Montana |
| CC1 | Dunn | 9/30/2022 12:08:46 AM | But they aren't good and it's this plug I want on my side |
| Dunn | CC1 | 9/30/2022 12:09:25 AM | I trust u. I have to after 200k |
| CC1 | Dunn | 9/30/2022 12:09:26 AM | They aren't good in Montana |
| CC1 | Dunn | 9/30/2022 12:09:40 AM | Lol right |
| CC1 | Dunn | 9/30/2022 12:09:53 AM | I promise it's all legit |
| Dunn | CC1 | 9/30/2022 12:10:28 AM | I might be in Los Angeles Sunday. My good horse in big race |
| CC1 | Dunn | 9/30/2022 12:11:10 AM | Okay I'm coming down tomorrow to see ▮▮▮ so we can meet and talk |
| Dunn | CC1 | 9/30/2022 12:11:29 AM | Ok |

The following day, CC1 again messaged about the potential profit.

> So yeah but I have it in my head like I don't want on those pills, I'm done. that's how you make money... don't do the product. I added it up and it will be 50,000 profit so with the 12 would be 62 altogether and if you want to just give me 18000 for doing the foot work in a way. Like I made it so it will never get back to my name I'll give you the rest for all the help that you have done for me.i appreciate you so much

DUNN responded by saying, "Your great. I just will always support you. I don't know why but you made me feel good about life. You will always be my baby doll. R" DUNN and CC1 eventually made two trips to Utah to obtain large quantities of drugs—one on October 18, 2022 and one on November 2, 2022. Each are detailed below.

//

---

[2] While DUNN and CC1 mostly communicated over regular text message, this conversation took place over the end-to-end encrypted platform WhatsApp. This is a common strategy used by drug traffickers, where details of drug deals are discussed using encrypted applications.

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 3**

*October 18, 2022 Drug Run to Salt Lake City – Counts One and Two*

Investigators obtained a search warrant for historical cell-site data for phone numbers associated with DUNN, CC1, and CC1's source of drug supply (another co-conspirator, hereinafter "the Source"), who was based out of Las Vegas.[3] The data showed CC1, DUNN, and the Source all in the Salt Lake City area on October 18, 2022. WhatsApp messages between CC1 and the Source show the deal being set up. For example, on October 14, 2022, the Source sent a message to CC1 asking "Hey, I have those ready I was wondering if you need them because I might hit Salt Lake on Wednesday or Thursday." There were subsequent audio calls. A few days later, the Source wrote, "So it's gonna be 20 total 100% you're going right?" CC1 confirmed the plan.

On October 18, 2022, the Source texted, "Let me know when u on the way" along with the location of his hotel. CC1 responded, "On my way." While en route, CC1 discussed the meeting with the Source. The Source stated, "Everything is outside." CC1 asked, "We can't do it like last time?" CC1 also stated, "I think it would be safes to do it in your room, but we can do it in your truck too." As CC1 and DUNN approached the meeting spot at the hotel, CC1 asked, "What you in so I can park next to you?" The Source responded, "I am by the front door." CC1 stated, "I am in a white ford parked in the back." On other occasions during the investigation, agents observed DUNN driving a white Ford pickup truck. After the deal, CC1 texted, "there's no blues?" and "Hey that was 5oz short."

Text messages between DUNN and CC1 show them planning to obtain and distribute the drugs. On October 18, 2022, CC1 sent the following to DUNN:

> Dude is going to wait until tomorrow morning, you don't have to go, I'm going to pay someone to do it because court being so close

---

[3] In early 2023, investigators arrested the Source approximately 20,000 fentanyl pills.

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 4**

> I'd rather pay someone than go myself. If you can help me with that amount still I'll pay the person out of my pocket and then I was thinking that I could just give you your cut and I'm pretty sure dboy will be able to handle it for you and you'll make at the least 3x more depending on what you give it out for.

CC1 and DUNN then argued about their relationship and DUNN responded by saying: "Your days of telling me what to do are over. You are an egocentric brat. Go find another side nigga. *I'll make this last thing go*. I've tried to be nice to you and your family. Don't take that away from me also." (Emphasis added). They continued arguing, then DUNN stated, "Enough. We have got the venom out. We don't need to hurt each other any more." DUNN followed up, "Where do I find you in morning to do this. I told you my time frame." The cell-site data demonstrates DUNN and CC1 drove to the Salt Lake City area after this, where they met with the Source.



**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 5**

Messages between CC1 and others further corroborate they picked up a drug load. For example, on October 19, 2022, CC1 texted another individual, "I'll be there in the morning I just got back from salt lake" and the individual responded, "Hell yeah" and "I have a girl that needs a plug." A "plug" is slang for a drug source.

In the days following, DUNN texted CC1, "Luv the fuck out of u. I understand us now. J"[4] and "By the way. I'm glad you teach the rules to me. Please don't take my manhood in front of your homeies. I loved your couple of friends. Chew me out in private okay. Kisses!!"

On October 22, 2022, the following exchange occurred between DUNN and CC1, where DUNN referenced "blues" (slang for fentanyl) and sought guidance from CC1 on how to handle the situation.

| Sender | Recipient(s) | Message Sent Date/Time | Message |
| --- | --- | --- | --- |
| Dunn | CC1 | 10/22/2022 12:16:14 AM | The blues are shit. What u want me to do? |
| CC1 | Dunn | 10/22/2022 12:17:07 AM | No they aren't they are really good |
| Dunn | CC1 | 10/22/2022 12:18:01 AM | I would not know |
| CC1 | Dunn | 10/22/2022 12:17:57 AM | Whoever said that is lying |
| CC1 | Dunn | 10/22/2022 12:18:06 AM | To get them for free |
| Dunn | CC1 | 10/22/2022 12:18:23 AM | Ok babes |

*November 2, 2022 Drug Run to Salt Lake City – Counts One and Three*

The historical cell-site data also showed a trip to the Salt Lake City area where DUNN, CC1, and the Source again met on November 2, 2022. Text messages demonstrate this was another trip to obtain drugs. On October 30 and November 1, 2022, CC1 and the Source arranged another the deal. CC1 texted the Source:

> I forgot to say I think I need blue and clr sooner than two weeks. Like maybe this up coming weekend and then when I come to Vegas that following week I'll need it all again. But yeah I forgot I'm of of blue and clr and people need served.

---

[4] DUNN often refers to himself as "Jaxxx," "J," or "R."

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 6**

A phone call followed this message and the Source followed up the next day, stating "Hey, if you wanted more blues, let me know because we got two more bags extra and I'm confirming for tomorrow at eight right."

At the same time, DUNN and CC1 exchanged texts, first talking about past deals, then later arranging the drug run. DUNN first texted CC1, "I never made huge sums from law. I make money through opportunity. I always believed we would be business partners on everything in addition to close in other ways." CC1 later texted DUNN discussing splitting profits:

> That will be my cut cuz I gave you a lot of boats i could of made 70k on, but you've helped me A LOT and I get that so I figured 14 put in my bank and then my collections paid which is less than 7 and then co sign and I make my payments and I'll put 2k down and whatever you feel like helping with if any at all would be nice but whatever if not and that's all I want. So 25k cut instead of keeping it all and making 70k is pretty fair I thought.

A "boat" is slang for 1,000 pills of fentanyl. DUNN then sent CC1 a cryptic text and stated, "I'm obviously talking careful so forgive me. I want erased from electronics so there is no me. I am paranoid about that. To many defense cases. Law uses the private feelings of people."

CC1 then texted DUNN on November 1, 2022 arranging for their trip:

> Guy keeps calling me over and over again so needing to know by tonight if that's a go or no. And you have to remember that I have to leave right when I'm done with class and come straight back because of class and dude said he would come only a little closer. Ogden.
>
> It doesn't have to be the full amount like I said, but he just needs to know how much I guess. Motherfucker that took from me help me only one way, which was I didn't have what I do all day every day so I've really gotten a grip on life again. Finally. But this will be the last time at least until next year, and I'm going to do it completely different. Me having a clearer mind and being robbed only taught me how to do it even better..

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 7**

DUNN responded, "Yes to your money tomorrow. Then you are going to get at least 20k from the two dumb fucks towards your car. Is that straight! I have my own home boys. This is not my first rodeo. I've tried to keep out and act dumb." DUNN also told CC1 prior to the trip that "I've got lots more going I've never told you. 5 times what you did."

The historical cell-site data confirmed DUNN, CC1, and the Source were all in the Salt Lake City area around the time of the deal.



*Introduction of Drugs into the Bonneville County Jail - Count Four*

On December 1, 2022, an inmate of Bonneville County Jail, the "Victim", overdosed on fentanyl. Investigators interviewed numerous sources within the Bonneville County Jail and learned that DUNN conspired with two clients, Co-Conspirator 2 (CC2) and Co-Conspirator 3 (CC3). DUNN delivered both fentanyl and methamphetamine in the jail, which was then further

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 8**

distributed by CC2, CC3, and others. The fentanyl that the victim overdosed on is believed to have originated from DUNN.

Law enforcement also recorded a meeting where CC2 met with DUNN in a visiting room at the Bonneville County Jail. While DUNN is audible at parts, he is difficult to understand some of the time due to the acoustics of the visiting room. However, certain statements by DUNN are captured and audible. During the conversation, CC2 and DUNN discussed the overdose. DUNN told CC2 "fucking tell him to get rid of that shit" and that "you can't UA dirty." DUNN also told CC2 that an unidentified male robbed DUNN of $400,000. At the end of the conversation, DUNN threatened CC2, stating "Don't flip. Don't flip. Don't flip. Cuz if you do then I gotta bust your fucking cranium."

*DUNN Solicits an Assault*

Sources also told investigators about an incident where DUNN solicited another co-conspirator to intimidate and/or assault an individual that DUNN stated was extorting him (DUNN). Sources indicated that the intended victim was located by the individual DUNN solicited, but that the intended victim fled before the assault occurred. DUNN provided payment to the solicited individual in the form of a motorcycle.

[5]

---

[5] The justification for redacting the Memorandum is provided under a separately filed Motion to Seal.

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 9**

[redacted]

## III.   ARGUMENT

The Bail Reform Act provides that a judicial officer shall detain a defendant pending trial where "no conditions or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Detention is appropriate where a defendant poses either a danger to the community or a risk of non-appearance and it is not necessary to prove both. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The government must establish by clear and convincing evidence that the defendant presents a danger to the community and by a preponderance of the evidence that the defendant is a risk of non-appearance. *Id.*

In determining whether pretrial detention is appropriate, Section 3142 provides four factors for the Court to consider: (1) the nature and circumstances of the offense charged, including whether the offense charged is a crime of violence; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed by the defendant's release. *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990); 18 U.S.C. § 3142(g).

At the detention hearing, the Court may properly rely upon a proffer by counsel in determining a defendant's danger to the community or risk of flight. *See United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) ("'[T]he government may proceed in a detention hearing by proffer or hearsay."); *see also United States v. Cabrera-Ortigoza*, 196 F.R.D. 571, 575-76 (S.D. Cal. 2000) ("The use of proffers and hearsay evidence are a necessary ingredient to the effective working of the Bail Reform Act, and prevention of a mini trial, or an early

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 11**

discovery expedition further facilitates those goals. Discovery is provided at the appropriate time and in the manner provided for in the Federal Rules and relevant statutes.").

### A.    Nature and Circumstances of the Offense

DUNN—a defense attorney and former elected prosecutor—conspired and worked with clients to distribute large quantities of fentanyl and methamphetamine in Eastern Idaho, all while acting as an officer of the court. "The relationship between lawyer and client is a fiduciary one in which the lawyer occupies the highest position of trust and confidence." IDAHO RULE OF PROFESSIONAL CONDUCT 1.8(j) cmt. n.17. DUNN used this position of authority over clients to his own benefit. He engaged in a sexual relationship with a client while trafficking drugs with her and other clients, and at the same time, appeared in both federal and state court on their cases. Further, during the conspiracy, DUNN solicited an assault and provided payment for that to happen. Additionally, DUNN threatened CC2, stating that if CC2 "flipped" DUNN would "bust [his] fucking cranium." As detailed above, this threat was captured on an audio recording. The nature and circumstances of the offense support detention.

### B.    Weight of the Evidence

DUNN is charged with Conspiracy to Distribute Fentanyl and Methamphetamine, Possession with Intent to Distribute Fentanyl and Methamphetamine, and Distribution of Fentanyl, all in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Docket No. 1.) The evidence establishing his guilt is strong. ███████████████████ DUNN conspired to distribute and did distribute large quantities of fentanyl and methamphetamine into the community and local jails. This is corroborated by DUNN's own text messages, audio recordings of DUNN and other co-conspirators, historical cell-site data, and numerous other events. The weight of the evidence is strong.

### C. The Defendant's History and Characteristics Demonstrate the Danger and Risk of Non-Appearance He Poses

DUNN faces a lengthy prison sentence if convicted of the current charges. The conspiracy involved large quantities of drugs and DUNN faces sentencing enhancements for the credible threat to use violence, distribution into a jail, and the abuse of a position of trust. DUNN has a strong incentive to flee because of the likelihood of a significant prison sentence if he is convicted. *United States v. Townsend*, 897 F.2d at 995 ([F]acing the much graver penalties possible under the present indictment, the defendants have an even greater incentive to consider flight."). There is a significant risk DUNN will not appear for proceedings, will flee, or both.

### D. The Defendant Poses a Significant Danger to the Community

The case here involves the distribution of large quantities of fentanyl—an addictive and potentially deadly drug—into the community, including local jails. Furthermore, DUNN is on audio recording threatening a client (and co-conspirator) with physical violence if that client cooperates with authorities. DUNN demonstrated during this moment, which he believed to be completely private, that he is willing to use (or solicit) violence to avoid being prosecuted. DUNN should not be afforded the opportunity to make good on such a threat. As reported by sources, DUNN solicited an individual to intimidate and/or assault another individual that DUNN stated was extorting him. This is consistent with DUNN's text message stating he has his own "home boys." DUNN's threat to use violence against a co-conspirator, coupled with him soliciting another to do violence on his behalf, weighs heavily in favor of detention.

### E. Only Pretrial Detention Will Reasonably Assure the Safety of Others and the Community and the Defendant's Future Appearance

Even the most stringent of conditions are insufficient to assure the safety of the community or the appearance of DUNN given that ultimately, they must rely on the DUNN's

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 13**

good faith compliance. *See United States v. Hir*, 517 F.3d 1081, 1092 (9th Cir. 2008) (Noting that although the defendant and pretrial services proposed "strict' conditions, "they contain[ed] one critical flaw. In order to be effective, they depend on [the defendant's] good faith compliance."); *see also Tortora*, 922 F.2d 880, 886 (1st Cir. 1990) (concluding that an extensive set of release conditions contained "an Achilles' heel . . . virtually all of them hinge[d] on the defendant's good faith compliance"). In *Tortora*, an alleged member of a prominent mafia family stood trial for crimes under the racketing and organized crime statute. The First Circuit considered the elaborate conditions proposed that would restrict any communications with the defendant's cohorts. Ultimately, the court rejected those conditions, recognizing that "the conditions as a whole are flawed in that their success depends largely on the defendant's good faith-or lack of it. They can be too easily circumvented or manipulated." *Tortora*, 922 F.2d at 886.

Here, DUNN has a history of deceiving the court. As a lawyer, he has been subject to rules of professional conduct in Idaho and repeatedly violated those rules. He conspired with clients to traffic drugs, he engaged in a romantic relationship with a client/co-conspirator, and threatened a client/co-conspirator. All the while, DUNN appeared for proceedings in state and federal court, purporting to be acting on his clients' best behalf. There are no conditions that can reasonably assure the safety of others and his appearance in court.

### IV. CONCLUSION

For the reasons stated herein, DUNN is a danger to the community and poses a risk of non-appearance. No condition or combination of conditions will reasonably assure the safety of others or his appearance at future proceedings. Accordingly, the Government respectfully requests that the Court order DUNN detained pending trial.

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 14**


Dated this 26th day of September, 2023.

        JOSHUA D. HURWIT
        UNITED STATES ATTORNEY
        By:

        */s/ Francis J. Zebari*
        FRANCIS J. ZEBARI
        CHRISTOPHER S. ATWOOD
        Assistant United States Attorneys